IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB LARRY SHOPE, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-2400
:
DEPARTMENT OF THE NAVY, :
WILLIAM M. LAVAGE,
    Defendants :

*M E M O R A N D U M*

We are conducting the initial review of a pro se complaint by Plaintiff Jacob Larry Shope, in which he seeks in forma pauperis status. He alleges that the Department of Navy and William M. Lavage, Director of Human Resources at the Naval Supply Depot, Mechanicsburg, Pennsylvania, violated the Federal Privacy Act ("FPA"), 5 U.S.C. § 551, *et seq.,* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, by forwarding emails to non-federal entities and eliminating his employment, respectively.[1]

---

[1] Under 28 U.S.C. § 1915(e)(2)(B), the court upon its own review may dismiss a pro se complaint. It may do so if the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* In applying this statutory screening requirement, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, __ U.S. at __, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. *Id.* at __, 127 S.Ct. at 1964-65. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).

The FPA prevents a government agency from disclosing, with certain exceptions, "any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). An agency's failure to comply subjects it to civil liability if a plaintiff can demonstrate they were adversely effected by the non-compliance. § 552a(g)(1)(D).

Plaintiff's FPA allegations are insufficient. As near as we can determine, the Plaintiff has alleged that on September 29, 2008, Defendant Lavage forwarded an email, received from the Plaintiff, to Yale Electric Supply, in which Shope indicated his desire to obtain federal employment. As a result of this disclosure, he was placed on probation, we presume, by Yale Electric. However, the email at issue was not attached to the complaint and we are unable to determine if it is a type of record that is protected under the FPA. Additionally, while detailed allegations are not required, the Plaintiff must plead enough facts to make a claim for relief plausible. *See Twombly*, _ U.S. at _, 127 S.Ct. at 1974. The above allegations offer little in the way of factual background and are not sufficient to justify further proceedings.

Additionally, the Plaintiff's ADEA claim is insufficient. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of age. 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of discrimination, Shope must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) that his replacement was "sufficiently younger to permit a reasonable inference of age discrimination." *Potence v. Hazleton Area School Dist.*, 357 F.3d 366, 370 (3d Cir. 2004). The complaint alleges that Shope is over the age of forty.

2

The complaint is written in a narrative style and does not contain a "short and plain statement" showing that he is was qualified for a position, that he suffered an adverse employment decision and that a position went to someone sufficiently younger. *See* Fed. R. Civ. P. 8(a). We will grant the Plaintiff leave to file an amended complaint that meets the requirements for pleading his claim. The Plaintiff is advised that he must plead facts that indicate discrimination.

The amended complaint must stand on its own. It must be a completely new pleading that restates all of his claims. Any amended complaint cannot merely be a supplement to his original one. The complaint also must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. In other words, Plaintiff must start over.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 29, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB LARRY SHOPE, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-2400
:
DEPARTMENT OF THE NAVY, :
WILLIAM M. LAVAGE,
    Defendants :

*O R D E R*

AND NOW, this 29th day of December, 2009, it is ordered that:

    1. Plaintiff's request to proceed in forma pauperis is granted.

    2. Plaintiff is granted twenty-one (21) days from the date of this order to file an amended complaint that complies with pleading requirements.

    3. If Plaintiff fails to comply with this order, his complaint will be dismissed without prejudice.

                         /s/William W. Caldwell
                         William W. Caldwell
                         United States District Judge