IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB LARRY SHOPE, :
    Plaintiff :
     :
    vs. : CIVIL NO. 1:CV-09-2400
     :
DEPARTMENT OF THE NAVY, :
WILLIAM M. LAVAGE,
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

    Plaintiff Jacob Larry Shope filed this action alleging that the Department of Navy and William M. Lavage, Director of Human Resources at the Naval Supply Depot, Mechanicsburg, Pennsylvania, violated the Federal Privacy Act, 5 U.S.C. § 551, *et seq.,* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, by forwarding emails to non-federal entities and eliminating his employment, respectively. After conducting an initial review of the complaint and finding the factual averments therein insufficient to support Shope's claims, we granted him leave to file an amended complaint. On January 19, 2010, he timely filed an amended complaint. Currently before the court is defendants' motion to dismiss or, in the alternative, motion for summary judgment. After review, we will grant summary judgment in favor of defendants.

*II.    Background*

    Shope is a former employee of the Department of Navy at the Naval Inventory Control Point in Mechanicsburg, Cumberland County, Pennsylvania. Defs.' Statement of Material Facts ("SMF") ¶ 1. On October 1, 2003, as part of a reduction in

force, plaintiff was released from his employment with the Navy.  Defs.' SMF ¶ 2.  Prior to his release, defendants claim that Shope was placed on administrative leave and was barred from entering the Naval Inventory Control Point because of a disturbing and derogatory email plaintiff sent to fellow employees.  Defs.' SMF ¶ 5-7.

In September 2008, plaintiff sent several emails to defendant Lavage inquiring about a job announcement for a position at the Navy's Mechanicsburg facility.  Defs.' SMF ¶ 19.  Plaintiff was informed that the position he was applying for was not with the Navy but rather with the Defense Logistics Agency.  As a result, he was advised to contact another human resources department.  Defs.' SMF ¶ 19-20.  However, Shope continued to contact defendant Lavage.  Defs.' SMF ¶ 21.  By this time, plaintiff had obtained employment with Yale Electric Supply Company.  On September 29, 2008, defendant Lavage forwarded an email, received from Shope, to Yale Electric Supply, in which plaintiff indicated his desire to obtain federal employment.

Shope bases his ADEA claims on several incidents that occurred between 2003 and 2008.  In 2003, he alleges that he was discriminated against due to his age when he was not promoted to a new position.  Am. Compl. at 9.  He further alleges that he was separated from his employment due to his age.  Am. Compl. At 10.  In addition, he alleges multiple ADEA claims as a results of his not obtaining further employment with the Navy.  *See* Am. Compl. at 9-13.

Plaintiff filed this pro se action on December 7, 2009, alleging age discrimination and violations of the Privacy Act.  After we reviewed the complaint, we granted plaintiff leave to file an amended complaint, which he filed on January 29, 2010.  On May 14, 2010, defendants filed the instant motion to dismiss or, in the alternative, motion for summary judgment.

*III. Discussion*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." We must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974.

Where, as here, the parties refer to matters outside the pleadings, Rule 12(d) requires the motion be treated as one for summary judgment. Therefore, we will convert his motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. Rule 56(c) provides that judgment should be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(C)(2). Thus, we will examine the motion under the well-established standard. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008).

*A. Privacy Act Claim*

The Privacy Act permits a civil action against an agency for its unprotected disclosures of an individuals records which have an adverse effect on an individual. *Britt v. Naval Investigative Servs.,* 886 F.2d 544, 550 (3d Cir 1989). To state a claim for violation of the Privacy Act, 5 U.S.C. § 552a(b), a plaintiff must establish: "(1) the information is covered by the Act as a 'record' contained in a 'system of records'; (2) the

3

agency 'disclosed' the information; (3) the disclosure had an 'adverse effect' on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); (4) the disclosure was 'willful or intentional.'" *Quinn v. Stone*, 978 F.2d 126, 131 (3d Cir. 1992).

The Privacy Act defines a "record" as "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual...." 5 U.S.C. § 552a(a)(4). The Third Circuit has held that the "statutory definition of a record...[has] a broad meaning encompassing *any* information about an individual that is linked to that individual through an identifying particular." *Quinn*, 978 F.2d at 133 (emphasis in original). A "system of records" is defined as "a group of any records under the control of an agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

The adverse effect requirement, found in the Privacy Act's civil remedies section, 5 U.S.C. § 552a(g)(1)(D), allows an individual affected by an agency's violation to seek monetary damages. "The reference...to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing." *Doe v. Chao,* 540 U.S. 614, 624, 124 S.Ct. 1204 (2004). A plaintiff subjected to an adverse effect "has injury enough to open the courthouse door, but without more has no cause of action for damages under the Privacy Act." *Id.* at 624-25. However, there are two limitations placed on the right to sue: (1) a standing requirement and (2) causation. *Quinn*, 978 F.2d at 135. First, as mentioned previously,

4

the effect requirement is a standing requirement. "Allegations of mental distress, emotional trauma, or embarrassment have been held sufficient to confer standing." *Id.* (citing *Albright v. United States*, 732 F.2d 181, 186 (D.C. Cir. 1984). Second, to show causation, a plaintiff must allege a "causal connection between the agency violation and the adverse effect." *Id.*

Defendants' argue, and we agree, that plaintiff fails to show a violation of the Privacy Act. First, the Privacy Act allows civil actions to be filed against agencies, not individuals. *See Britt,* 886 F.2d at 550. Therefore, the Privacy Act claims against defendant Lavage will be dismissed. Second, Shope fails to show he suffered an adverse effect. Plaintiff pleaded that after his employer received Lavage's email he was called into a meeting where he was given a $0.50 an hour raise and warned not use his employer's equipment for personal reasons. (doc. 8 at 5.) This admission in his complaint indicates that Shope did not suffer an adverse effect as a result of Lavage's behavior. Instead, he received a raise. Finally, plaintiff fails to raise a genuine issue of fact that the email sent by Lavage is a "record" contained in a "system of records." Shope asserts Lavage's email falls under the act because of boilerplate language found on the email's signature line. However, there is no evidence or indication that the email was contained in a "system of records." Therefore, based on the above discussion, we will dismiss Shope's Privacy Act claim.

### *B.  ADEA*

Defendants argue that plaintiff's ADEA claims should be dismissed for failure to exhaust administrative remedies. Defendants contend that Shope has neither contacted an EEOC counselor nor filed a complaint with the EEOC regarding his claims. An action brought under the ADEA "will be dismissed for failure to exhaust administrative

5

remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007). In Pennsylvania, a charge must be filed within 300 days of the allegedly illegal act. *Id.* Failure to exhaust administrative remedies is an affirmative defense and the burden falls to defendants to prove that plaintiff has not complied with the administrative process. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

After review, we agree with defendants that Shope has not exhausted his administrative remedies. In support of their argument, defendants submitted the sworn declaration of Starr Lehman, an Equal Employment Opportunity ("EEO") Specialist at the Department of Navy. (doc. 22, Ex. N at 1.) In her declaration, Lehman details the steps that an aggrieved party must take in order to file an EEO complaint. (doc. 22, Ex. N at 2.) She declares that as of April 6, 2010 Shope has not filed any EEO complaint or initiated any administrative process with her office. *Id.* In addition, she states that as of May 4, 2010 the EEOC as no record of plaintiff giving notice that he would initiate a civil action in the district court. (doc. 22, Ex. N at 2-3.) Plaintiff, however, has failed to rebut defendants argument. Indeed, plaintiff has neither alleged in his pleadings nor proffered any evidence indicating that he attempted to avail himself of the required administrative process. As a result, we find that plaintiff has failed to exhaust his administrative remedies. Therefore, we will dismiss his ADEA claims.

*IV.    Conclusion*

Based on the foregoing, we will grant defendants motion for summary judgment, and enter judgment in favor of Lavage and the Department of Navy.

We will issue an appropriate order.

                                                 <u>/s/William W. Caldwell</u>
                                                 William W. Caldwell
                                               United States District Judge

Date: July 13, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB LARRY SHOPE, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-2400
:
DEPARTMENT OF THE NAVY, :
WILLIAM M. LAVAGE,
    Defendants :

*O R D E R*

AND NOW, this 13th day of July, 2010, upon consideration of the defendants' motion for summary judgment (doc. 19), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendants' motion for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of the defendants William M. Lavage and the Department of Navy, and against plaintiff Jacob Larry Shope.

    3. The Clerk of Court shall close this file.

                                 /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge